```
                    UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF WASHINGTON
```

| | |
|---|---|
| RONALD THAXTON, ) | |
| ) | No.  CV-06-3052-MWL |
| Plaintiff, ) | |
| ) | ORDER GRANTING JOINT |
| v. ) | MOTION FOR REMAND |
| ) | |
| LINDA S. McMAHON,[1] ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

The parties have filed a stipulation for remand of the above captioned case to the Commissioner for administrative proceedings; specifically, to have the Appeals Council remand the case to an administrative law judge for a de novo hearing.  (Ct. Rec. 28). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7).

The stipulation indicates that, according to a memorandum received January 21, 2007, from the Chief of the Court Case Preparation and Review Branch of the Office of Disability

///

---

[1] As of January 20, 2007, Linda S. McMahon succeeded Defendant Commissioner Jo Anne B. Barnhart as Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d)(1), Commissioner Linda S. McMahon should be substituted as Defendant, and this lawsuit proceeds without further action by the parties.  42 U.S.C. § 405(g).

ORDER - 1


Adjudication and Review in Falls Church, Virginia, the second tape of the administrative hearing held on July 28, 2005, could not be located. (Ct. Rec. 28).

The stipulation provides that the Joint Conference Committee of Congress, in reporting upon the Social Security Disability Amendments of 1980 (to the Social Security Act) stated that in some cases procedural difficulties, such as an inaudible hearing tape or a lost file, necessitate a request for remand by the Commissioner. (Ct. Rec. 28). The intent of the Committee was that such procedural defects be considered "good cause" for remand. The Committee states:

> Such a situation is an example of what could be considered "good cause" for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Commissioner for appropriate action to produce a record. . . .

H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980).

The parties indicate that the inability to locate the second tape of the administrative hearing held on July 28, 2005, constitutes a procedural difficulty that establishes good cause for remand and necessitates this stipulation for remand. (Ct. Rec. 28).

The Court finds good cause has been established and **HEREBY ORDERS** as follows:

1. The parties Joint Motion to Remand (**Ct. Rec. 28**) is **GRANTED**.

///

///

ORDER - 2

2. The above-captioned case shall be remanded for a de novo hearing pursuant to sentence four of 42 U.S.C. §405(g).

3. The District Court Executive is directed to enter this Order, forward copies to counsel, and administratively **close** this file without prejudice.

DATED this __6th__ day of February, 2007.

```
                              S/ Michael W. Leavitt
                              MICHAEL W. LEAVITT
                              UNITED STATES MAGISTRATE JUDGE
```

ORDER - 3